IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,796-01






EX PARTE WILLIE RODRIGUEZ, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005-409.010-A IN THE 140TH JUDICIAL DISTRICT COURT


FROM LUBBOCK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
indecency with a child by contact, and sentenced to twenty years' imprisonment. The Seventh Court
of Appeals affirmed his conviction. Rodriguez v. State, No. 07-06-0102-CR (Tex. App. - Amarillo,
February 22, 2007, pet. ref'd). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel advised him to reject a plea offer, assuring Applicant that he would get probation from a
jury. Applicant also alleges that counsel failed to make a formal motion to compel the State to elect
which incidents it would rely upon to support the charges, and failed to obtain a ruling from the trial
court on such motion. 

 This Court remanded to the trial court on May 21, 2008, to give counsel an opportunity to
respond to Applicant's allegations, and to obtain findings of fact from the trial court. Counsel has
provided an affidavit, in which he states that Applicant rejected the State's plea offer because he was
not willing to accept any offer involving penitentiary time. However, counsel does not state
specifically whether or not he advised Applicant that he would get probation if he took the case to
trial. 

 Counsel also states in his affidavit that he did not object to the introduction of evidence
regarding multiple incidents of indecency because to do so "would only bring more attention to
numerous other incidents." However, counsel's response pertains to the matter of his failure to
object to the introduction of extraneous offense evidence, and does not answer the question of why
he did not formally request that the State elect which incident(s) would form the basis of the
prosecution at the close of the State's evidence. Because the habeas record does not contain a copy
of the jury charge or a transcript of the trial, it cannot be determined whether counsel requested or
obtained limiting instructions with respect to extraneous offense evidence.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with another opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the record with the trial transcript and a copy of the jury
charge in this case. The trial court shall then make specific findings of fact as to whether Applicant's
trial attorney advised Applicant to take the cases to trial based on an assurance of probation. The
trial court shall also make findings as to whether limiting instructions on extraneous offense
evidence were requested or given. Finally, the trial court shall make findings as to whether trial
counsel had a specific strategic reason for failing to make a formal request for an election at the close
of the State's evidence. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 14, 2009

Do not publish